UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ORTHWEIN,<br><br>    Plaintiff,<br><br>v.<br><br>FELICIA MEDINA,<br><br>    Defendant. | Case No. 23-cv-00433-KAW<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On January 30, 2023, Plaintiff Jennifer Orthwein filed the instant case against Defendant Felicia Medina. (Compl., Dkt. No. 1.) Plaintiff asserted that there was diversity jurisdiction, as Plaintiff was domiciled in Alameda County, California and Defendant was domiciled in Hawaii. (Compl. ¶¶ 2-3, 6.)

On February 28, 2023, Defendant filed a motion to compel arbitration. (Dkt. No. 17.) Defendant, however, appeared to dispute diversity jurisdiction, on the ground that Defendant actually resided in Oakland, California. (Dkt. No. 17-1 at 3 n.2.) Plaintiff, in turn, argued that the motion to compel arbitration was premature if there was no subject matter jurisdiction, and requested that the Court order early and expedited discovery as to Defendant's domicile. (Dkt. No. 23 at 4-5.) In response, Defendant provided a declaration, stating under penalty of perjury that: (1) Defendant was domiciled in Oakland on the date the complaint was filed, living on a property that she had owned since 2011, (2) Defendant intended to remain domiciled in Oakland, (3) Defendant was registered to vote in Oakland, (4) Defendant had a California driver's license, and (5) Defendant's only place of employment was with her firm in Oakland. (Medina Decl. ¶¶ 3, 4, 8-10, 14.) Defendant further explained that while she had temporarily lived in Hawaii in 2021 and part of 2022, she had frequently traveled to California for weeks at a time during this period.

(Medina Decl. ¶ 13.)

Defendant's declaration is compelling evidence that Defendant was a resident of California at the time the complaint was filed. *Compare with Smith v. Breakthrough Int'l*, No. 12-cv-01832-JST, 2013 U.S. Dist. LEXIS 60908, at *9-13 (N.D. Cal. Apr. 29, 2013) (disregarding the plaintiffs' assertions of residency in the complaint and considering evidence regarding where the plaintiffs lived). Accordingly, there is no diversity jurisdiction in this case, and the Court must *sua sponte* dismiss the case for lack of subject matter jurisdiction. *See Spencer Enters. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003) ("This Court has the duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). While the Court acknowledges Plaintiff's request for jurisdictional discovery, Plaintiff identifies nothing that would suggest Defendant resided outside of California at the time the complaint was filed. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion."); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("In their brief, the Unions state only that they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction. This speculation does not satisfy the requirement that they make 'the clearest showing' of actual and substantial prejudice."). It is entirely unclear what contradictory evidence Plaintiff would be able to obtain through jurisdictional discovery, particularly given Defendant's statements under penalty of perjury.

Accordingly, the Court DISMISSES the case without prejudice for lack of subject matter jurisdiction. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: April 7, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

2